# Clark, Appellant, *v.* McLanahan.

*Landlord and tenant—Replevin—Set-off—Theft from tenant.*

In an action of replevin by a tenant against his landlord for goods distrained, the tenant cannot set up that a portion of the rent claimed, naming the amount, never became due, or if it did was extinguished, because the landlord, under a right reserved in the lease, gave access to the premises to dishonest servants whom he had been negligent in hiring, and who stole from the tenant goods worth the portion of the rent named.

Argued Oct. 21, 1908. Appeal, No. 109, Oct. T., 1908, by plaintiff, from order of C. P. No. 5, Phila. Co., June T., 1907, No. 5,882, sustaining demurrer to statement in case of Charles Motley Clark v. M. Hawley McLanahan, trading as Whiteside & McLanahan, Agent, T. Nelson Davis, trading as Davis & Harvey, Bailee, and Humphrey Schreiber, Constable. Before

RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.,   Affirmed.

Petition for goods distrained.
The case is stated in the opinion of the Superior Court.

*Error assigned* was order sustaining the demurrer.

*Edward Austin Waters*, for appellant.—The appellant here claims that this is not a case of "set-off," under the Pennsylvania statute, but that there was, on the part of the landlord, before this rent accrued, a breach of conditions of the lease and a partial failure of the consideration for which the rent was to be paid, by reason of which the rent never accrued, and that the appellant may set such a breach of condition up in this action: Fairman v. Fluck, 5 Watts, 516; Prescott v. Otterstatter, 85 Pa. 534.

Although the following are not landlord and tenant cases, yet the reasons given in the various opinions for the decisions state clearly the principle on which the appellant feels that this case may well rest: Frantz v. Brown, 1 P. & W. 257; Heck v. Shener, 4 S. & R 249; Glennon v. Lebanon Mfg. Co., 140 Pa. 594; Patterson v. Hulings, 10 Pa. 506.

*C. C. Norris, Jr.*, of *Potter, Dechert & Norris*, for appellee— "There is no principle better settled than that in replevin no set-off is allowable:" Phillips v. Monges, 4 Wharton, 226.

While there is an implied covenant in every lease of quiet enjoyment, which means only that the tenant shall not be evicted or disturbed by a paramount title, there is no implied guaranty that he shall be free from injury by strangers: Barns v. Wilson, 116 Pa. 303.

"A set-off cannot be pleaded to any action on a tort whether in trespass case or replevin where the avowry is for rent:" Heck v. Shener, 4 S. & R. 249; Gogel v. Jacoby, 5 S. & R. 117; Groetzinger v. Latimer, 146 Pa. 628.

OPINION BY HEAD J., February 26, 1909:
The plaintiff was the lessee of an apartment under a written

lease reserving certain rent.  His landlord, alleging that the
rent had become in arrears, issued his warrant and levied on the
goods, the subject of this action.  The plaintiff replevied the
goods and thus began this proceeding.  In his statement he
does not deny that, looking solely at the terms of the lease and
the payments he had made, the amount of rent due would be
what the landlord claims.  The defendant demurred to the
statement filed and the court entered an order or decree "De-
murrer sustained."  By a stipulation of counsel entered into at
bar we are to treat that order as a final judgment for the de-
fendants.

By the terms of the lease the lessor reserved the right to enter
the apartment at reasonable hours to examine the same, make
repairs and for other like purposes.  The plaintiff in his state-
ment avers that his landlord was negligent in the selection of
the agents or servants through whom the right reserved would
be exercised, and that some one or more of those, having gained
access to his apartment under cover of that right, there com-
mitted a crime, stealing from him certain articles of the kind
and value set forth.  To the extent of this value he maintains
the rent reserved in the lease never accrued, or if it did, it was
extinguished.  Of course there is no averment that the landlord
ordered or directed the commission of the crime, aided or
abetted it, profited by its result or in any way knew of or as-
sented to it; nor that it was within the scope of any authority,
actual or constructive, conferred by him on the perpetrator of
the crime.

We need not stop to consider whether, under these condi-
tions, the plaintiff could recover, in any form of action, from
the defendants the value of the goods thus stolen.  Our only
question is does this statement show a cause of action, in re-
plevin, to which the defendants ought to be required to plead?
The learned counsel for appellant frankly concedes that our
doctrine of set-off has no application in an action of replevin.
This must mean, in the shape the record is now presented, that
if the rent, claimed by the landlord, ever actually accrued, it
could not, in the law, be deemed to be paid or extinguished by
any debt due to or damages claimed by the tenant in the nature

of a cross demand. Nor could it be said, with any accuracy of speech, that in such a case no rent ever accrued; because, in a case where the rent was payable yearly and the tenant had enjoyed the use of the demised premises through practically the entire term, he might, by a larceny committed during the last hour of it, suffer a loss greater in value than the entire rent.

To avoid these difficulties the learned counsel for the appellant advances the proposition that the tenant's lease contained at least an implied covenant that he might occupy the demised premises with reasonable security in the safety of the personal property he took there with him. That if the landlord was negligent in the selection of the plumber, carpenter or painter he sent on the premises to maintain the conditions necessary for the comfort and convenience of the tenant, and one of these persons turned thief, there was a breach of the covenant that amounted to a failure of consideration to the extent of the value of the goods stolen, which suspended the obligation to pay rent; and that such a defense, generally speaking, could be made in an action of replevin. Or conversely such a state of facts would exhibit a cause of action in this case. The proposition is simple, but can hardly be classed in the category of the usual and ordinary.

It is true enough that it is the policy of our law to avoid unnecessary circuity of action. And it is further true that under our system of administering the laws an equitable defense may often be successfully made to a legal demand even when the latter is sought to be enforced in one of the ancient common-law forms of action. But these principles must be understood and applied in the light of those other and fundamental ones which determine the suitor in the selection of an appropriate remedy and guide and control the practice and procedure through which that remedy is made effective. It has been the aim of the law, during the ages through which it has been slowly evolved, to develop, not one remedy for all wrongs, but an appropriate remedy for every wrong. Although our legislature, in recent years, has made some changes in the procedure incident to an action of replevin, the nature and purpose of the action remain what they were a century ago.

VOL. XXXIX—3

It seems to us, therefore, that the contention of the appellant is not sustained by sound reasoning whilst confessedly it lacks the support of precedent or authority. If it were to be upheld the trial of an action of ·replevin would drift far from the true course long marked out by chart and compass and disaster would surely follow. We are all of the opinion that the learned court below was right in sustaining the demurrer and judgment for the defendants is now entered with costs.